IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

TYWANNA M. MCLEOD,

    PLAINTIFF,

v.                                        CASE NO.: CV-08-J-671-S

MR. JOHN, United States Probation
Officer, et al.,

    DEFENDANTS.

## MEMORANDUM OPINION and ORDER

The plaintiff filed a Complaint (doc. 1) and an *In Forma Pauperis* Affidavit (doc. 2) which the court will treat as an application to proceed without prepayment of fees, costs, or security. Having considered said complaint and affidavit, the court finds the plaintiff has failed to state a cause of action upon which relief may be granted or any cause of action over which this court has jurisdiction. Although the plaintiff complains of violations of civil rights as secured by 42 U.S.C. § 1983,[1] she has failed to allege any violation of a constitutional right and failed to allege any action by a state actor.

---

[1] Section 1983 creates no substantive rights on its own, but merely provides a remedy for deprivation of federal constitutional rights. *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir.1996). To prevail on a suit under § 1983, the plaintiff must show both a deprivation of federal rights and that said deprivation was by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992). See also *Rayburn ex rel. Rayburn v. Hogue,* 241 F.3d 1341, 1347 (11th Cir.2001), citing *Patrick v. Floyd Medical Center,* 201 F.3d 1313, 1315 (11th Cir.2000).

Taking all of the allegations of the complaint as true, the court finds that the plaintiff alleges a variety of wrongdoings by various United States probation officers and United States Marshals, all related to a search of the plaintiff's residence. According to the plaintiff's complaint, on or about November 15, 2006, these various federal employees conspired together to raid the residence of the plaintiff in order to arrest her father, Jackie McLeod, for a probation violation. Therefore, "probation officer John and five unknown, named United States Marshals raided plaintiff's residence..." Complaint, at 2-3. These individuals entered her home and searched it "for about 10 minutes in front of her sister Jacqueline McLeod and their six small children..... after she personally told Mr. John them (sic) that her father did not stay there with them...." Id., at 3. For these allegations, the plaintiff seeks significant sums of money in compensatory and punitive damages.

The plaintiff asserts that these actions by "probation officer John and five, unknown, named United States Marshals" violated her civil rights such that she has brought claims pursuant to § 1983 and § 1985. The plaintiff fails to assert in what manner this search violated her constitutional rights. Section 1983 creates no substantive rights, but is merely a mechanism for vindicating federal rights elsewhere created. *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114

(1994) (citing *Baker v. McCollan,* 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979)).

In other words, accepting the plaintiff's complaint as true, it fails to contain any allegation of any violation of a constitutional right. For example, while a constitutional right to be free from warrantless searches does exist, the plaintiff does not assert that the defendants lacked such a warrant. She does not assert that there was excessive force used. She does not assert that she was detained. She alleges that her civil rights were violated, but fails to specify any right to which § 1983 pertains. She further fails to specify any action by a state actor.[2]

From the plaintiff's pleadings, the court cannot glean a violation of the plaintiff's rights, specified or otherwise. As such, the court finds that the plaintiff has failed to state a cause of action against the defendant upon which relief may be granted.

---

[2] The Supreme Court in *Hartman v. Moore*, 547 U.S. 250, 255 n.2 126 S.Ct. 1695, 1700 (2006), explained that:

> "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).... [A] *Bivens* action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983. *See Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); see also Waxman & Morrison, What Kind of Immunity? Federal Officers, State Criminal Law, and the Supremacy Clause, 112 Yale L.J. 2195, 2208 (2003) ("Section 1983 applies ... to state and local officers, [and] the Supreme Court in *Bivens* ... inferred a parallel damages action against federal officers").

Finding no viable cause of action, the court **DENIES** the plaintiff's request to proceed *in forma pauperis* and further **ORDERS** that this case be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this the 24th day of October, 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE